*E-Filed 5/13/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYRONE YOUNGS, | No. C 15-0081 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| GEORGE M. MAVRIS, and THE DEL NORTE SUPERIOR COURT, | |
| Defendants. | |

## INTRODUCTION

This federal civil rights action was filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a). For the reasons stated herein, the action is DISMISSED.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that (1) his public defender George Mavris violated his constitutional rights by misleading him as to benefits of a plea bargain; and (2) the Del Norte Superior Court violated his constitutional rights by denying him relief on his claim that he was serving an illegal prison term. He asks for money damages and injunctive relief.

The complaint will be dismissed for the following reasons. First, Mavris, in his role as a court-appointed attorney, is not liable under section 1983, which requires that the defendant be a state actor.[1] *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A state-appointed defense attorney "does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Polk County v. Dodson*, 454 U.S. 312, 321

---

[1] The Court assumes Mavris was a public defender. If he was a private attorney, plaintiff's claims would be dismissed all the same. Private actors are not liable under section 1983. *Gomez*, 446 U.S. at 640.

(1981). *Polk County* "noted, without deciding, that a public defender may act under color of state law while performing certain administrative [such as making hiring and firing decisions], and possibly investigative, functions." *Georgia v. McCollum*, 505 U.S. 42, 54 (1992) (citing *Polk County*, 454 U.S. at 325.) Because Mavris was engaged in the general representation of his client when the plea bargain was entered into and discussed, he was not a state actor, and therefore he is not liable under § 1983.

Second, the Del Norte Superior Court is immune from suit under the facts alleged here. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). When the state court denied or failed to address his claims, it clearly was acting in its judicial capacity, and therefore is immune to plaintiff's suit for damages.

The doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions, however. *See Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Injunctive relief "shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's facts, however, do not meet this standard.

Even if injunctive relief were available to plaintiff, this Court would refrain from granting it. A section 1983 action is not the correct method to challenge his incarceration. If plaintiff seeks release from an unlawful detention, the should file a habeas action (either in state or federal court), which is the proper method for challenging the legality or duration of confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). A habeas petition form will be sent to plaintiff.

Plaintiff's motion to be heard (Docket No. 2) is DENIED as moot. The Clerk shall terminate Docket No. 2, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: May 13, 2015

_____
RICHARD SEEBORG
United States District Judge